# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00656-CV

### In the Matter of S.R.C.

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 492, HONORABLE BEN WOODWARD, JUDGE PRESIDING

S.R.C., a juvenile, was adjudicated delinquent for intentionally and knowingly using a deadly weapon and causing bodily injury to another. *See* Tex. Fam. Code Ann. § 54.03 (West Supp. 2001); Tex. Pen. Code Ann. § 22.02 (West 1994). The district court, sitting as the juvenile court for Runnels County, ordered S.R.C. committed to the Texas Youth Commission for an indeterminate period of time not to exceed S.R.C.'s twenty-first birthday. S.R.C. raises one issue on appeal. We will affirm.

At his adjudication hearing, S.R.C. presented no witnesses or sworn testimony, but a stipulation of evidence was admitted. S.R.C. pleaded true to the allegation set forth in the original petition—that he "intentionally and knowingly use[d] a deadly weapon, to wit: a straight blade razor, which in its manner of use and intended use was capable of causing serious bodily injury and death, and did then and there intentionally and knowingly cause bodily injury to [A.L.M.] by the use of said deadly weapon."[1] However, in pleading true, S.R.C. explained that he was a party to the alleged

---

[1] The record does not indicate whether the victim was also a minor. Therefore, we will refer to the victim by his initials.

conduct, but did not actually use the deadly weapon to injure the victim. The court construed S.R.C.'s plea as follows: "[W]hat you are pleading true to is that you were a party to this event. You were there, you held [A.L.M.] down and by holding him down, that allowed [A.R.] to use a razor blade on him. But you didn't use a razor blade."

In its judgment of adjudication, the juvenile court found that S.R.C. had engaged in the delinquent conduct as alleged and that he had participated as a party to the offense along with two other individuals. It further found that another individual, not S.R.C., had used the razor to cut the victim while S.R.C. and a third person held the victim. Moreover, the juvenile court specifically found that S.R.C. did not use or exhibit the deadly weapon, but engaged in the delinquent conduct as a party.

By a single issue, S.R.C. argues that because a violation of section 22.02(a)(2) of the Penal Code necessarily involves the use of a deadly weapon and because the trial court specifically found that S.R.C. did not use a deadly weapon, S.R.C. could not be adjudicated delinquent based on his violation of section 22.02(a)(2). For support, S.R.C. relies on this Court's opinion in *In the Matter of A.F.*, 895 S.W.2d 481 (Tex. App.—Austin 1995, no writ). In that case, the juvenile, A.F., had been adjudicated delinquent upon a finding that he acted as a party to the offense of attempted capital murder. In its disposition order, the juvenile court included a finding that a deadly weapon was used during the commission of the offense. The adjudication judgment, however, did not include a similar affirmative finding of use of a deadly weapon. This Court held that the disposition order could not include such a finding if the trier of fact had not reached the same finding during the adjudication hearing. Thus, this Court modified the disposition order to delete the use of a deadly

2

weapon finding and held that "when a juvenile is adjudicated delinquent as a party to the conduct, an affirmative finding under section 54.04(g) [of the Family Code] requires a specific finding by the trier of fact that the defendant personally used or exhibited a deadly weapon during the commission of the conduct." *Id.* at 486; *see also* Tex. Fam. Code Ann. § 54.04(g) (West Supp. 2001).

Unlike in that case, here, the juvenile court did not include a finding in its disposition order that S.R.C. used a deadly weapon during the commission of the offense. The adjudication judgment and the disposition order both include the finding that S.R.C. *did not* personally use a deadly weapon in the commission of the offense. Thus, *In the Matter of A.F.* is distinguishable from this case and has no applicability here.

Nevertheless, S.R.C. asks this Court to extend the holding of *In the Matter of A.F.* to require an affirmative finding of use of a deadly weapon in the judgment adjudicating S.R.C. delinquent for violating section 22.02 of the Penal Code. This we decline to do. Our holding in *In the Matter of A.F.* interpreted section 54.04(g) of the Family Code. That section specifically refers to disposition hearings, not adjudication hearings. *See* Tex. Fam. Code Ann. § 54.04(g).

S.R.C. maintains that it would be absurd to allow a juvenile to be found delinquent for committing aggravated assault with a deadly weapon as a party, but not to allow the juvenile to be punished with a deadly weapon finding. We disagree. Section 7.02 of the Penal Code addresses criminal responsibility for the conduct of another, or criminal responsibility as a "party." It provides in relevant part: "A person is criminally responsible for an offense committed by the conduct of another if: . . . (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . . ." Tex. Pen.

3

Code Ann. § 7.02 (West 1994).  Thus, in this case, pursuant to section 7.02, the juvenile court found that S.R.C. was criminally responsible for the offense of aggravated assault because he acted as a party to the commission of an offense involving the use of a deadly weapon by soliciting, encouraging, directing, aiding, or attempting to aid another in the commission of the offense.  S.R.C. was found delinquent not because he personally used the deadly weapon, but because he was a party to an offense for which a deadly weapon was used.  Such a finding is not inconsistent with the juvenile court's failure to find use of a deadly weapon in its disposition order and does not lead to an absurd result.  We overrule S.R.C.'s issue presented.

Having overruled S.R.C.'s single issue, we affirm the juvenile court's disposition order.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   September 13, 2001

Publish

4